UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDY S. RIDER,

            Plaintiff,        Civil Action No. 16-13354
                                  Honorable Laurie J. Michelson
v.                               Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION
## FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) [25]

**I.    REPORT**

    **A.    Procedural History**

On September 15, 2016, Plaintiff Candy Rider ("Rider") filed suit against the Commissioner of Social Security, challenging the Commissioner's final decision denying her application for Supplemental Security Income. (Doc. #1). On August 23, 2017, this Court issued a Report and Recommendation ("R&R"), recommending that the case be remanded to the ALJ for further evaluation. (Doc. #22). The R&R was accepted by the Honorable Laurie J. Michelson on September 7, 2017, and a judgment was entered that same day remanding the case for further consideration by the ALJ. (Docs. #23, #24).

Rider subsequently prevailed on remand, and the Social Security Administration issued a Notice of Award, dated December 6, 2018, awarding her $43,116.13 in past-due benefits. (Doc. #25-2). On December 18, 2018, Rider's attorney, Matthew Taylor of the

Fried, Gallagher Law Firm, filed the instant motion indicating that, pursuant to the terms of both 42 U.S.C. § 406(b) and the applicable fee agreement, he is entitled to attorney fees in the amount of 25% of Rider's past-due benefits ($10,779.00). (Doc. #25 at ¶ 6). Because an additional fee petition was being submitted to the Administrative Law Judge in the amount of $5,779.00 for services rendered during the administrative proceedings, however, Mr. Taylor indicated that he is seeking only $5,000.00 in § 406(b) fees ($10,779.00 less the $5,779.00 being sought through the administrative process). (*Id.*). Neither the Commissioner nor Rider filed an objection or other response to Mr. Taylor's request.

**B.    Analysis**

42 U.S.C. § 406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Mr. Taylor is requesting $5,000.00 in attorney fees, which represents 25% of the past due benefits awarded to Rider ($10,779.00) less the $5,779.00 being sought from the Administrative Law Judge in this matter. Mr. Taylor has submitted a fee agreement, signed by both himself and his client, in which Rider specifically acknowledges that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of her past due benefits. (Doc. #25-4).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an

"agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id.* (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that Mr. Taylor behaved improperly or was ineffective. On the contrary, Mr. Taylor achieved a successful result for Rider. Nor does it appear that awarding the total fee requested herein would amount to a windfall. Mr. Taylor has submitted a full log of the activities he undertook before this Court on Rider's behalf, which shows a total of 28 hours spent on her case. (Doc. #25-3). Given that the amount requested from this Court is $5,000.00, the effective hourly rate for Mr. Taylor would be approximately $179.00. Awards using higher rates than this have been deemed

3

reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, No. 08-cv-988, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner has not objected to the requested fee award or challenged it in any respect, and thus presumably does not believe fee requested to be unreasonable.

## II.     RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Mr. Taylor's Motion for Approval of Social Security Fees (**Doc. #25**) be **GRANTED** and that attorney fees be awarded to him in the amount of $5,000.00 for work performed before this Court in connection with Rider's Social Security appeal.

Dated: May 9, 2019                           s/ David R. Grand
                                                                   DAVID R. GRAND
                                                                   UNITED STATES MAGISTRATE JUDGE

## **REVIEW**

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

*Note these additional requirements at the direction of Judge Michelson:*

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email

or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
